IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DETRICK CULLUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 21-CV-1208 |
| ) | |
| JOSEPH A. CHRISTY, ) | |
| JASON L. JESTER, and ) | |
| WARDEN HINTHORNE, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE.**

Plaintiff proceeds pro se from his incarceration in the Illinois River Correctional Center. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

(7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that, on March 2, 2020, Defendant Joseph Christy (badge 11344) "came up behind Plaintiff[,] grabbed his left arm and forcefully shoved it up toward the middle of his back. Because Plaintiff could not anticipate this act, he could not brace for it and his shoulder popped out of place." [Compl. p. 8.] Plaintiff was taken to the healthcare unit but provided no treatment. Plaintiff was then taken to segregation. During the escort to segregation, Defendant Jester "grabbed Plaintiff by his dislocated arm and shoved it upward, . . . ." [Compl. p. 10.] Plaintiff allegedly had to pop his shoulder back into place himself.

Plaintiff pursues Eighth Amendment claims against Defendants Christy and Lester for excessive force and deliberate indifference to Plaintiff's dislocated shoulder. Plaintiff also sues Warden Hinthorne in order to determine who was supposed to arrange for medical attention for Plaintiff after the Warden designated Plaintiff's grievance an emergency. Plaintiff wants to

know whether the Warden reviewed the video of the incident herself or relied on the word of Internal Affairs that the incident did not happen.

Plaintiff's Eighth Amendment claims will proceed against Defendants Christy and Jester.  Plaintiff seems to admit that he is not pursuing a claim against the Warden, and Plaintiff should be able to determine who in internal affairs reported that the incident did not happen by sending discovery requests to Defendants to obtain the investigative report.  However, the Warden would not violate the Constitution by relying on an Internal Affairs' description of the video rather than viewing the video herself. At this point, however, the Warden will remain as a Defendant because determining the extent of the Warden's personal knowledge and personal responsibility for the lack of Plaintiff's medical care would be premature.

**IT IS THEREFORE ORDERED:**

1)   Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states Eighth Amendment claims for excessive force and deliberate indifference to Plaintiff's serious medical needs against Defendants Joseph Christy

and Jason Jester.  Plaintiff states a possible Eighth Amendment claim against Defendant Hinthorne for deliberate indifference to Plaintiff's need for medical attention.   This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    2)   This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    3)   The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status

of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

    4)    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    5)    Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6)     This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7)     Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8)     Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address

or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

12) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: 10/6/2021                                  **_s/Sue E. Myerscough_**

                                                        SUE E. MYERSCOUGH
                                                        U.S. DISTRICT JUDGE